ARTHUR H. LAMBORN and Others, Copartners, Doing Business under the Firm Name and Style of LAMBORN & COMPANY, Appellants, *v.* CZARNIKOW-RIONDA COMPANY, Respondent.

CZARNIKOW-RIONDA COMPANY, Respondent, *v.* FEDERAL SUGAR REFINING COMPANY, Respondent.

First Department, November 1, 1929.

*Louis O. Van Doren* of counsel [*Alfred C. B. McNevin* with him on the brief; *Van Doren, Conklin & McNevin,* attorneys], for the appellants.

*Francis Dean* of counsel [*James F. Warden* with him on the brief; *Cadwalader, Wickersham & Taft,* attorneys], for the respondent Federal Sugar Refining Company.

*Enos Throop Geer* of counsel [*Garrard Glenn* with him on the brief; *Glenn, Alley & Geer,* attorneys], for the respondent Czarnikow-Rionda Company.

FINCH, J. The plaintiffs, composing the firm of Lamborn & Co., appeal from an order directing the issuance of commissions to take testimony on their behalf in so far as it permits the defendant Federal Sugar Refining Company to join in cross-interrogatories.

The real objection on the part of the appellants goes to the right of the defendant in the consolidated action, who is a stranger to the appellants' action, to participate in the cross-examination of all witnesses at the trial.

The appellants brought an action against the defendant Czarnikow-Rionda Company to recover damages for breach of warranty respecting the quality of certain refined sugar which Czarnikow Company sold and delivered to the plaintiffs. Czarnikow Company in the second action seeks to recover damages from the Federal Sugar Refining Company for breach of warranty as to the quality of the same sugar which Federal refined and delivered to Czarnikow. The two actions were commenced separately and later Czarnikow Company moved for an order of consolidation, contending that there were many questions of fact and issues of law common to the two actions and that they arose out of the same transaction; that the warranties given by the Federal Company to Czarnikow and by Czarnikow to the plaintiffs were the same; that the main question in each action was as to the quality of the same sugar, and that the evidence in each action would be substantially the same. An appeal was taken from the order of consolidation and the order was affirmed (226 App. Div. 798).

There does not appear to be any authority in our courts as to this right of cross-examination of a plaintiff's witnesses on the part of a defendant in a consolidated action, who was not a party to the action brought by said plaintiff. In the absence of any authority to the contrary, we are of opinion that the interest of justice will best be served and its administration facilitated by permitting to all parties to the action the right of cross-examination of any witness called. In England, where one of several defendants sought to cross-examine a witness of another defendant, the examiner allowed such cross-examination and upon the matter being brought before the vice-chancellor, he reserved decision and took the opinion of the other judges, and then held: " On the whole the Judges are of opinion, that justice will best be worked out if the examination is open as if all parties had separate interests. * * * The opinion of the Judges is, then, that if a defendant examined a witness, either the plaintiff or a co-defendant may cross examine him. If he examines him before the plaintiff has done so, and the plaintiff wishes to use that examination as against another defendant, he

must have the option of doing so. And if a defendant cross examines, it is not necessary that the plaintiff should go through the form of again cross examining the witness; if he is satisfied with the cross examination, he may use it. The opinion, then, of the whole of the Judges is, that a defendant may cross examine a codefendant's witness. When the evidence is taken, whether it be examination in chief or on cross examination, the whole is common to all parties." (*Lord* v. *Colvin*, [1855] 3 Drew. 222.) This salutory rule should not be denied to the parties to actions consolidated for the purpose of being tried as a single action because of identity of questions of fact and law involved. Since there is to be a single determination of the common issues upon all the proof adduced, any party should be allowed to cross-examine the witnesses of any other party upon matters pertaining to the common issues. Otherwise a party by the consolidation would be deprived of a right which he would have if the actions were tried separately. As was said by Mr. Justice GRAY in *Mutual Life Ins. Co.* v. *Hillmon* (145 U. S. 285, 293): "No defendant could be deprived, without its consent, of any right material to its defense * * * to which it would have been entitled if the cases had been tried separately."

In admiralty cases in England and Scotland we find that the right to cross-examine has been accorded all the parties in consolidated actions.

In *Boyle* v. *Olsen* (1912 Sess. Cas. [Scot.] 1235) it appears that two shipowners brought separate actions against the same defender in respect to salvage services rendered to the defender's vessel. The claims of the two pursuers were mutually hostile. The lord ordinary having conjoined the two cases, it was urged that this prejudiced the pursuers "as neither would have the right to cross examine the witnesses of the other."

The lord president (Lords KINNEAR, JOHNSTON and MACKENZIE concurring) said:

"In this reclaiming note we were referred to various authorities on English practice. It is quite evident that counsel are not fully aware of what this practice is. It is one of those matters which is not easily found in the books. I have taken the opportunity of conferring on this subject with one of the learned Judges in the Admiralty Division and I have learned that when actions are so conjoined — or rather consolidated, as it is expressed in England — there is always an opportunity for the counsel of the one set of plaintiffs to cross examine the witnesses of the other.

"Now I think it is my experience here that if an interlocutor simply conjoins two actions and says nothing more, there is no

right given to counsel for one pursuer to cross examine the witnesses of the other. I think that this cross examination should be allowed. I do not see anything in our practice against it, but I think the matter should be dealt with in the interlocutor. Accordingly, I think the Lord Ordinary's interlocutor ought to be affirmed, but with the addition that counsel for the one pursuer should have the right to cross examine the witnesses of the other."

We thus hold that the right to cross-examination by a defendant who was not a defendant in the action as originally instituted by the objecting plaintiff, is a right which is comprised within the order of consolidation. Hence any prejudice which might arise in such a situation must be considered by the court upon the hearing of the motion for consolidation, and the granting of the order is a finding of want of prejudice in this as in other respects. In other words, under the Civil Practice Act, section 96, the court may permit such consolidation where common questions of law and fact are involved and where it may be done without prejudice to a substantial right.

The order appealed from should be affirmed, without costs.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Order so far as appealed from affirmed, without costs.